UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPLOYEE #1,<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNIVERSITY LEGAL SERVICES/DISABILITY RIGHTS DC,<br><br>    *Defendant.* | No. 24-cv-00630 (DLF) |

### ORDER

Employee 1, proceeding pro se and pseudonymously, filed his complaint in this action against University Legal Services on March 5, 2024. In the complaint, he alleged counts of defamation, conspiracy to defame, negligent infliction of distress, and invasion of privacy. Compl. at 11, Dkt. 1. Prior to filing the complaint in this case, on January 12, 2024, Employee 1 filed an amended complaint against University Legal Services in a preexisting lawsuit, also alleging defamation and conspiracy to defame based on the same set of underlying facts. *See* Second Amended Complaint at 63, No. 23-cv-2553, Dkt 37. On June 24, 2024, University Legal Services filed a motion to dismiss the complaint in this case under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Motion to Dismiss at 1, No. 24-cv-630, Dkt. 10. Alternatively, University Legal Services argued this case should be dismissed as duplicative of Employee 1's previous action. *Id.* On September 29, 2024, this Court dismissed with prejudice Employee 1's claims against University Legal Services in the original litigation, see Order, No. 23-cv-2553, Dkt. 55, for failure to state a claim. Before the Court is the defendant's Motion to Dismiss, Dkt. 10 in this subsequent case. The Court will dismiss Employee 1's complaint in this case as well.

Federal district courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Employee 1's complaint alleges to two bases for jurisdiction. First, he alleges this Court has federal question jurisdiction under 28 U.S.C. § 1331. Compl. at 11, No. 24-cv-630. Federal question jurisdiction arises when civil actions raise claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But defamation, negligent infliction of emotional distress, and invasion of privacy claims are all state law claims. *Cf. Bennett v. Google, LLC*, 882 F.3d 1163, 1164 (D.C. Cir 2018); *Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 191 (D.D.C. 2011). His complaint therefore does not raise a federal question.

Second, Employee 1 claims this Court has jurisdiction under 28 U.S.C. § 1357. That section allows jurisdiction in cases "commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any State." 28 U.S.C. § 1357. But Employee does not allege that University Legal Services injured him while attempting to collect taxes or protect voting rights. Thus, he cannot avail himself of that provision. *See Aloupis v. United States*, 149 F. App'x 889, 891 (11th Cir. 2005).

Employee 1 resists this conclusion by raising three new jurisdictional arguments in his motion to dismiss briefing. Opp'n, at 8, 16, No. 24-630, Dkt. 17. He claims that jurisdiction exists under the False Claims Act, 31 U.S.C. §§ 3729–3733, under the Occupational Safety and Health Act, 29 U.S.C. §§ 651–678, and that University Legal Service's actions violated his constitutional rights to "liberty, life and property." Opp'n at 7, No. 24-630, Dkt. 17. But Employee 1 failed to offer these bases in his complaint. A plaintiff cannot cure defects in his complaint by raising new

claims in his opposition briefing.  *Budik v. Ashley*, 36 F. Supp. 3d 132, 144 (D.D.C. 2014).  Thus, the Court lacks subject matter jurisdiction over this case.

      Accordingly, the Court GRANTS the defendant's Motion to Dismiss, Dkt 10, dismisses the complaint without prejudice for lack of jurisdiction, and directs the Clerk of Court to close the case.

      The Clerk of Court shall mail a copy of this Order to the plaintiff's address of record.

October 2, 2024

                                                 DABNEY L. FRIEDRICH
                                                 United States District Judge